UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER OF
WASHINGTON MUTUAL BANK,** *et al.***,**

      **Plaintiffs,**

v.

      **Civil Action 2:10-cv-00229**
      **Judge Edmund A. Sargus**
      **Magistrate Judge E.A. Preston Deavers**

**JACK K. BEATLEY,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for Consideration of the Motion to Remand to State Court by Defendants 64 W. Northwood Avenue, LLC, and Jack K. Beatley (ECF No. 11). In their Motion to Remand, Defendants maintain that Plaintiff Federal Deposit Insurance Corporation's ("FDIC") removal was untimely and falls within the state action exception of 18 U.S.C. § 1819. For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DENY** the Motion to Remand.

### I.  BACKGROUND

The procedural history of this case dates back to 2006. Specifically, in July 2006, Washington Mutual Bank ("Washington Mutual") filed an action against Defendants in the Franklin County (Ohio) Court of Common Pleas for debt collection on a note and mortgage. (*See generally* ECF No. 1-2.) Defendants Jack K. Beatley ("Beatley") and 64 W. Northwood Avenue, LLC ("Northwood"), moved to dismiss Washington Mutual's action. (ECF No. 1-3.)

The trial court granted the motion to dismiss, and Washington Mutual appealed to the Ohio Court of Appeals for the Tenth District.  The Tenth District reversed the trial court's dismissal.  Defendants appealed the Tenth Circuit's decision to the Supreme Court of Ohio.

In September 2008, while the case was pending before the Supreme Court of Ohio, the Office of Thrift Supervision appointed the FDIC as receiver for Washington Mutual.  (*See* ECF No. 11-2 at 5–11.)  On November 14, 2008, Washington Mutual moved the Supreme Court of Ohio to substitute the FDIC as the real party in interest in the lawsuit and requested a ninety (90) day stay of proceedings on behalf of the FDIC.  (ECF No. 11-1, 11-2.)  The Supreme Court of Ohio granted Washington Mutual's motions, substituting the FDIC as a party and staying the case through March 2, 2009.  (ECF No. 11-3.)  The FDIC participated in the proceedings before the Supreme Court of Ohio in the spring of 2009.  In June 2009, the Supreme Court of Ohio dismissed the appeal, finding that it was improvidently certified.  (ECF No. 11-7.)

The action ultimately returned to the Franklin County Court of Common Pleas.  On December 24, 2009, Defendants Beatley and Northwood filed an Answer and Counterclaim to the original Complaint.  (ECF No. 4.)  In their Counterclaim, Defendants sought relief from Washington Mutual, various officers of Washington Mutual, and the Ohio Secretary of State.  (*Id.* at 10.)  Defendants specifically set forth claims for abuse of process; civil liability for criminal wrongs pursuant to Ohio Revised Code § 2307.60; declaratory judgment pursuant to Ohio Revised Code § 2721.01, *et seq.*; breach of contract; defamation and libel; and negligence.  (*Id.* at 15–22.)  On March 1, 2010, pursuant to the agreement of the parties, the Franklin County Court of Common Pleas issued an order substituting the FDIC as party-Plaintiff for Washington Mutual "as to all monetary claims asserted" in the case.  (ECF No. 1-1.)

On March 17, 2010, the FDIC removed the state court action to this Court.  (Notice

2

Removal, ECF No. 1.)  Within its Notice of Removal, the FDIC maintains that removal is proper under 12 U.S.C. § 1819(b)(2)(B) because the FDIC removed the action within ninety (90) days of the March 1, 2010 substitution.  The FDIC also notes in its Notice of Removal that Defendants asserted a counterclaim against Washington Mutual in December 2009.[1]

On March 22, 2010, the FDIC filed its Reply to Defendants' Counterclaim.  (ECF No. 7.)  Within the Reply, the FDIC asserts numerous affirmative defenses, many of which invoke federal law.  (*Id.* at 10–14.)  The FDIC's defenses include that federal law preempts Defendants' claims; that Defendant' claims conflict with the relevant federal regulatory and enforcement scheme; that 12 U.S.C. § 1821 and § 1825 bar Defendants' claims; that Defendants' requests for punitive damages would violate the FDIC-Receiver's constitutional rights; and that Defendants have failed to exhaust administrative remedies pursuant to 12 U.S.C. § 1821.  (*Id.*)

Defendants Beatley and Northwood moved for Remand on April 16, 2010.  The FDIC responded in opposition to remand on May 10, 2010 and Defendants replied on January 18, 2011.[2]  The matter is now ripe for review.

## II.  STANDARD OF REVIEW

"'The district courts of the United States . . . are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'"  *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545

---

[1] On May 28, 2010, JPMorgan Chase Bank, N.A. moved to intervene as purchaser of certain assets of Washington Mutual.  (ECF No. 15.)  The Court conditionally granted its Motion.  (ECF No. 15.)  JPMorgan Chase Bank, N.A., echoes the FDIC's contentions supporting removal.  (*See* ECF No. 21.)

[2] Following a May 18, 2010 pretrial conference, the Court stayed briefing on Defendants' Motion to Remand to allow parties to attempt mediation.  (ECF No. 14.)  They were unsuccessful.

U.S. 546, 552 (2005)). "'In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.'" *Brittingham v. General Motors Corp.*, 526 F.3d 272, 277 (6th Cir. 2008) (quoting *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Furthermore, "[t]he burden of showing that the district court has original jurisdiction is on the party seeking removal." *Id.* (internal quotations omitted).

The Court has "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 12 U.S.C. § 1819, with one exception for state law actions,[3] any civil suit to which the FDIC is a party "shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); *Vill. of Oakwood v. State Bank & Trust Co.*, 481 F.3d 364, 368 (6th Cir. 2007) ("if the FDIC is a party to an action within the meaning of § 1819, the district court has federal-question jurisdiction under 28 U.S.C. § 1331.") Section 1819 also gives the FDIC special authority to remove actions to federal court within ninety days of the filing of the lawsuit or upon the substitution of the FDIC as a party. *See* 12 U.S.C. § 1819(b)(2)(B).

### III. LEGAL ANALYSIS

A. <u>Timeliness</u>

Defendants' primary contention in moving for remand is that the FDIC failed to remove this case within the ninety day limitation period set forth in 12 U.S.C. § 1819(b)(2)(B). Specifically, Defendants maintain that the ninety day period began to run on March 2, 2009, which was the end of the Supreme Court of Ohio's stay of the case following the substitution of the FDIC. (Mot. Remand 1, ECF No. 11.) Consequently, Defendants assert that the FDIC's

---

[3] The undersigned will address the applicability of the exception below. *See* 12. U.S.C. § 1819(b)(2)(D).

March 17, 2010 removal was untimely.

In opposing remand, the FDIC maintains that Defendants' December 24, 2009 Counterclaim against Washington Mutual represented a new "action, suit, or proceeding" within the meaning of 12 U.S.C. § 1819(b)(2)(B). (Mem. Opp'n 2, ECF No. 13.) Accordingly, the FDIC contends that it had ninety days from its substitution on March 1, 2010 to remove, and, therefore, its March 17, 2010 removal was timely.

1. Applicable Law

In discussing removal, § 1819 describes:

> [T]he [FDIC] may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

12 U.S.C. § 1819(b)(2)(B). In this case, the parties disagree regarding the appropriate date from which to toll the ninety day period. The FDIC specifically asserts that, despite the Supreme Court of Ohio's earlier substitution, Defendants' Counterclaim against Washington Mutual triggered the running of the ninety day removal period. The initial question becomes, therefore, whether a counterclaim constitutes an "action, suit, or proceeding" within the meaning of the statute.

Although it does not appear that United States Court of Appeals for the Sixth Circuit has directly addressed this question, one of its sister circuits has considered the issue. Specifically, the United States Court of Appeals for the Eleventh Circuit has held that "counterclaims filed by [a defendant] constitute[] an 'action, suit, or proceeding' within the meaning of [§ 1819]." *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1074 (11th Cir. 1994); *see also Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 782 (11th Cir. 2005) ("[W]e have previously found that

5

filing a counterclaim against the FDIC was sufficient to trigger § 1819 removal rights."); *F.D.I.C. v. Greenhouse Realty Assocs.*, 829 F. Supp. 507, 510 (D.N.H. 1993) ("[C]ounterclaims constitute an 'action, suit, or proceeding' within the plain meaning of § 1819(b)(2)(B) and therefore the FDIC can remove the action provided the petition for removal was timely filed.") In *S & I 85-1*, the FDIC chose to bring an action initially in state court, but removed the case following a counterclaim by the defendants. *S & I 85-1*, 22 F.3d at 1071. Examining the language of § 1819, the Eleventh Circuit concluded that the FDIC may remove as a plaintiff, even if the FDIC initiated the action and was not substituted, and that a defendants filing of a counterclaim triggered the FDIC's removal rights.[4] *Id.* at 1073–74.

The undersigned agrees with the analysis of the United States Court of Appeals for the Eleventh Circuit and finds that Defendants' Counterclaim fits within the plain meaning of an "action, suit, or proceeding" under 12 U.S.C. § 1819.

2. Analysis

Because Defendants' Counterclaim is an "action, suit, or proceeding" under 12 U.S.C. § 1819, the FDIC had within ninety days from either the filing of the Counterclaim or the date of the FDIC's substitution as a party. *See* 12 U.S.C. § 1819(b)(2)(B). In this case, the FDIC's March 17, 2010 removal was timely applying either period. Defendants Beatley and Northwood filed their Counterclaim on December 24, 2009, reviving the FDIC's right of removal. (*See* Answer & Countercl., ECF No. 4)  Despite the Supreme Court of Ohio's earlier substitution of the FDIC in this case, Defendants asserted claims against Washington Mutual and not the FDIC.

---

[4] The FDIC cited to *S & I 85-1* in their responsive briefing. (*See* Mem. Opp'n 5–6, ECF No. 13.)  In their Reply to their Motion to Remand, Defendants have not provided any authority indicating that a counterclaim is not an "action, suit, or proceeding," within the meaning of 12 U.S.C. § 1819(b)(2)(B).

(*Id.* at 10.)  On March 1, 2010, upon agreement of the parties, the trial court substituted the FDIC for Washington Mutual "as to all monetary claims asserted . . . ."  (ECF No. 1-1.)  Under these circumstances, the undersigned finds that the FDIC had ninety days from March 1, 2010, the day it was substituted as a party with regard to Defendants' Counterclaim, to remove this case pursuant to 18 U.S.C. § 1819(b)(2)(B).  Consequently, the FDIC's March 17, 2010 removal was timely.

Even assuming that the Court cannot use the March 1, 2010 substitution to initiate the ninety day period, the FDIC's removal was still timely.  Specifically, the FDIC's March 17, 2010 removal was within ninety days of December 24, 2009, the date Defendants filed their Counterclaim.  *See id.* (allowing the FDIC to remove "before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed"); *see also S & I 85-1*, 22 F.3d at 1074 (allowing the FDIC to remove an action within ninety days of the filing of a counterclaim).

In their Reply, Defendants maintain that the FDIC cannot use Defendants' Counterclaim to toll their removal period because the Notice of Removal did not explicitly cite Defendants' Counterclaim as the basis for removal under 12 U.S.C. § 1819.[5]  Defendants cite law to support

---

[5] The FDIC's removal provided the following statements with regard to federal jurisdiction:

> 1. The Action in state court is one over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1331, because it will involve federal claims that arise under 28 U.S.C. § 1441(b) and 12 U.S.C. § 1821, *et seq.*  It is therefore removable to this Court within ninety (90) days after the FDIC-Receiver is substituted as a party in the Action pursuant to 12 U.S.C. § 1819(b)(2)(B).
>
> 2. The FDIC has filed this Notice of Removal within ninety (90) days after it was substituted as the Plaintiff on March 1, 2010.  12 U.S.C. § 1819(b)(2)(B).

(Notice Removal 2–3, ECF No. 1.)

the notion that a notice of removal must contain the grounds for jurisdiction, and that a party may not belatedly provide another jurisdictional basis. (Reply 3, ECF No. 22); *see also Estate of Fitzpatrick v. Brehm*, 580 F.Supp. 731, 734 (W.D. Ark. 1984) ("[T]he petition for removal must specifically allege the grounds upon which the court's jurisdiction rests, and it is not sufficient to, belatedly, claim that there are other grounds which later came to mind.").

When applied to the facts of this case, the undersigned finds Defendants' contention unavailing. Assuming the requirements of the general removal statute apply to the FDIC,[6] 28 U.S.C. § 1446(a) requires a removing party to provide "a short and plain statement of the grounds for removal" within the notice of removal. 28 U.S.C. § 1446(a); *see also Finnegan v. Wendy's Intern., Inc.*, No. 2:08-cv-185, 2008 WL 2078068, at *2 (S.D. Ohio May 13, 2008) (emphasizing that "§ 1446(a) requires only a 'short and plain statement' of the grounds for removal"); *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 778–79 (8th Cir. 2009) (holding that while a party is generally required to provide proper statutory basis and allege sufficient facts within their notice of removal, failure to cite the proper statutory basis is not always fatal); 14C Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3733 (4th ed. 2010) ("[D]etailed grounds for removal need not be set forth in the notice . . . . [I]t should be sufficient if the court is provided the facts from which its jurisdiction can be determined."). In this case, the FDIC's Notice cited the proper statutory bases, 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(B), for removal. (Notice Removal 2–3, ECF No. 1.) Additionally,

---

[6] Section 1819(b)(2)(B) does not set forth procedural requirements for the FDIC's notice of removal. *See* 18 U.S.C. § 1819(b)(2)(B). Nevertheless, at least the United States Court of Appeals for the Eleventh Circuit has held that the "FDIC is subject to the limits of the general removal statute, except as otherwise provided in 12 U.S.C. § 1819(b)(2)(B)." *S & I 85-1*, 22 F.3d at 1072 (citing *Lazuka v. FDIC*, 931 F.2d 1530, 1536 (11th Cir.1991)).

the FDIC's Notice of Removal indicated that Defendants filed their Counterclaim on December 24, 2009, and that a substitution occurred following the Counterclaim on March 1, 2010. (*Id.* at 2.) Based on these circumstances, the undersigned finds that the FDIC has provided sufficiently specific grounds in its Notice of Removal for the Court to consider whether Defendants' Counterclaim triggered § 1819's ninety day time period.

Whether the Court tolls the ninety day period within § 1819(b)(2)(B) from the date the FDIC was substituted for Washington Mutual as to Defendants' Counterclaim, March 1, 2010, or the date Defendants filed their counterclaim, December 24, 2009, the FDIC's removal was timely.[7] Accordingly, remand is not justified on this basis.

B. State Actions Exception

In their Reply brief, Defendants also maintain that even if the FDIC's removal was timely, the state action exception within § 1819 requires remand. *See* 18 U.S.C. § 1819(b)(2)(D) (indicating that actions involving the FDIC do not arise under the laws of the United States when only interpretation of state law is necessary). Specifically, Defendants assert that their Counterclaim deals only with state law claims, and, therefore, the state action exception applies. For the following reasons, the undersigned disagrees.

1. Applicable Law

Under § 1819(b)(2), an action, suit, or proceeding, arises under the laws of the United

---

[7] In their Reply, Defendants also imply that it would be unfair for the Court to allow the FDIC to remove when it had already allowed its original ninety day period to expire before the Supreme Court of Ohio. (Reply 2, ECF No. 22.) The undersigned also finds this line of argument unavailing. As detailed above, it was Defendants' own Counterclaim that opened the door for removal under 12 U.S.C. § 1819. Furthermore, assuming it was possible for the FDIC to remove this case while it was pending in the Supreme Court of Ohio, as Defendants suggest, removal during this specific appeal would have created various procedural problems. (*See* Mem. Opp'n 6 n.4, ECF No. 13.)

States and will be removable unless the action falls within the exception outlined in § 1819(b)(2)(D). The exception specifically provides:

> [A]ny action–
>
> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D). As the language of the statute indicates, to satisfy the exception the action must meet all three prongs. *See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785 (11th Cir. 2005) ("Under the language of the statute, each of these three prongs must be established by a party to defeat removal.")

In analyzing the third prong of § 1819(b)(2)(D), whether interpretation of only state law is necessary, an issue arises as to what materials the Court may consider. In typical removal cases, the Court considers whether a federal question exists by following the "well-pleaded complaint rule" and considering "the face of the plaintiff's properly pleaded complaint." *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007). While the United States Court of Appeals for the Sixth Circuit has not addressed this issue, several of its sister circuits have held that the well-pleaded complaint rule does not apply when assessing § 1819(b)(2)(D)'s state action exception. *Pollock v. F.D.I.C.*, 17 F.3d 798, 802 (5th Cir. 1994) ("Courts have abandoned the well-pleaded complaint rule under section 1819(b)(2)(D) in favor of a test which focuses on the question of whether the federal defenses are colorable."); *Reding v. Federal Deposit Ins.*

*Corp.*, 942 F.2d 1254, 1258 (8th Cir. 1991) ("When the party opposing the FDIC relies on the "state law" exception of section 1819(b)(2)(D)(iii) and argues that only issues of state law are present, the exception is not met if the FDIC seeks to rely on a defense raising a disputable issue of federal law."); *Capizzi v. Federal Deposit Ins. Corp.*, 937 F.2d 8, 11 (1st Cir. 1991) ("We conclude that the language of the exception's third requirement does not embody the "well-pleaded complaint" rule."); *Lazuka v. Federal Deposit Ins. Corp.*, 931 F.2d 1530, 1535 (11th Cir. 1991) (holding, with regard to § 1819(b)(2)(D) that "the "well-pleaded complaint" rule is inapplicable . . . ."). These sister circuits reached this interpretation of § 1819(b)(2)(D) based on the plain language of the exception, amendment history, and general purpose of the statute. *See, e.g.*, *Capizzi*, 937 F.2d at 10–11.

Accordingly, in considering whether an action will involve only interpretation of state law, various circuit courts have considered potential federal defenses the FDIC might raise. *See, e.g.*, *Reding*, 942 F.2d at 1258. Nevertheless, it is not enough that the FDIC merely asserts a defense based on federal law. *Id.* The FDIC's federal defense must "present[] a colorable issue for decision . . . ." *Id.*

2. Analysis

In this case, neither the first or third prong of § 1819(b)(2)(D) are satisfied. The language of the first prong plainly requires that the FDIC become receiver based on "exclusive appointment by State authorities." 12 U.S.C. § 1819(b)(2)(D)(i). Here, however, the Office of Thrift Supervision, within the United States Department of the Treasury, appointed the FDIC receiver of Washington Mutual. (ECF No. 11-2 at 4–11.) Accordingly, this portion of the first prong was not satisfied because state authorities did not exclusively appoint the FDIC as receiver. *See Fed. Deposit Ins. Corp. v. 232, Inc.*, 920 F.2d 815, 819 (11th Cir. 1991)

11

("Subparagraph (i) provides that appointment of the Corporation exclusively by state authorities is a *sine qua non* to exclusive state jurisdiction.")

Even assuming that the circumstances satisfied the first prong of § 1819(b)(2)(D), this action is not one that requires only the interpretation of state law.  *See* 12 U.S.C. § 1819(b)(2)(D)(iii).  Defendants' Counterclaim raises various state law claims against the FDIC.  (*See* Answer & Countercl. 15–22, ECF No. 4.)  Following the guidance of the various circuits, however, the undersigned also considers the defenses that the FDIC raises in its Reply to Defendants' Counterclaim.  Specifically, the FDIC raises a number of federal defenses to Defendants' Counterclaim including that Defendants have failed to exhaust administrative remedies and that Defendants are not entitled to punitive damages under federal law.  (ECF No. 7 at 12–14.)

The undersigned finds that it would be inappropriate for the Court to perform an in depth analysis as to the FDIC's federal defenses at this preliminary stage in the proceedings. Nevertheless, the undersigned finds that at least some of the FDIC's federal defenses are colorable.  For example, the FDIC's contentions that Defendants were required to exhaust administrative remedies and are not entitled to punitive damages appear to have a basis in federal law.  *See Vill. of Oakwood v. State Bank & Trust* Co., 539 F.3d 373, 385–86 (6th Cir. 2008) (indicating that § 1821(d) imposes a statutory exhaustion requirement on parties bringing claims against the FDIC in its capacity as receiver);  *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1150 (5th Cir. 1992) (holding that "[t]he FDIC may . . . have a colorable defense" to a plaintiff's request for punitive damages and citing case law to support the notion that "punitive damages [are] not recoverable against [the] FDIC acting as a receiver").  Accordingly, the undersigned finds that this action does not require only the interpretation of state law.

12

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** the Motion to Remand to State Court by Defendants 64 W. Northwood Avenue, LLC, and Jack K. Beatley (ECF No. 11).

## V.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

13

February 11, 2010                                              /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge