# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JP MORGAN CHASE BANK, N.A.,**

    **Intervenor-Plaintiff,**

v.

**Case No. 2:10-CV-0229**
**JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE ELIZABETH P. DEAVERS**

**JACK K. BEATLEY, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants Jack K. Beatley's and 64 W. Northwood Avenue, LLC's Motion to Dismiss the Case for Mootness or Lack of Jurisdiction (Doc. 48). This Court held a hearing on this motion on May 15, 2012. For the reasons that follow, the Defendants' motion is **GRANTED**.

## I. BACKGROUND

This case originated from a 2006 foreclosure action instituted in state court by Washington Mutual Bank ("WAMU") against Defendants Jack K. Beatley ("Beatley") and 64 W. Northwood Avenue, LLC ("Northwood") for debt collection on a note and mortgage. (*See generally* Docs. 1–2.) Defendants moved to dismiss WAMU's 2006 action. (Docs. 1–3.) The Franklin County Court of Common Pleas granted the motion to dismiss, and WAMU appealed to the Ohio Court of Appeals for the Tenth District. The Tenth District reversed the trial court's dismissal. Thereafter, Defendants appealed the Tenth District's decision to the Ohio Supreme Court.

In September 2008, while the case was pending before the Ohio Supreme Court, the Office of Thrift Supervision declared WAMU insolvent and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver. (*See* Doc. 11-2, at 5–11.) On November 14, 2008, WAMU moved the Ohio Supreme Court to substitute the FDIC as the real party in interest in the lawsuit and requested a ninety-day stay of proceedings on behalf of the FDIC. (Docs. 11-1, 11-2.) The Ohio Supreme Court granted WAMU's motions, substituting the FDIC as a party and staying the case through March 2, 2009. (Doc. 11-3.) The FDIC participated in the proceedings before the Ohio Supreme Court in the spring of 2009. In June 2009, the Ohio Supreme Court dismissed the appeal, finding that it was improvidently certified. (Doc. 11-7.)

The action ultimately returned to the Franklin County Court of Common Pleas. On December 24, 2009, Defendants filed an Answer and Counterclaim to the original Complaint. (Doc. 4.) In their Counterclaim, Defendants sought relief from WAMU, various officers of WAMU, and the Ohio Secretary of State. (*Id.* at 10.) Defendants specifically set forth claims for abuse of process, civil liability for criminal wrongs pursuant to Ohio Revised Code § 2307.60, declaratory judgment pursuant to Ohio Revised Code § 2721.01 *et seq.*, breach of contract, defamation and libel, and negligence. (*Id.* at 15–22.) On March 1, 2010, pursuant to the agreement of the parties, the Franklin County Court of Common Pleas issued an order substituting the FDIC as party-Plaintiff for WAMU "as to all monetary claims" asserted in the case. (Doc. 1-1.)

On March 17, 2010, the FDIC removed the state court action to this Court under 28 U.S.C. § 1331 and pursuant to 12 U.S.C. § 1819(b)(2)(B). (Notice of Removal, Doc. 1.) On April 16, 2010, Defendants filed a motion for remand, asserting that removal was untimely pursuant to 12 U.S.C. § 1819(b)(2)(B) because the FDIC failed to effectuate removal within

2

ninety days of its March 1, 2010 substitution as the real party in interest for WAMU. (Doc. 11.) As part of the Magistrate Judge's Report and Recommendation, removal was determined proper under 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(B) as a consequence of the filing of Defendants' counterclaims against WAMU on December 24, 2009, and the substitution of the FDIC in the place of WAMU. (*See* Doc. 26, at 8–9.) On March 4, 2011, this Court adopted the Magistrate Judge's Report and Recommendation. (Doc. 29.)

Amidst the proceedings concerning removal and Defendants' motion for remand, JPMorgan Chase Bank, N.A. ("Chase") moved to intervene under Federal Rule of Civil Procedure 24(a) as purchaser of certain assets of WAMU, including the note and mortgage at issue in this case.[1] This Court conditionally granted Chase's motion to intervene on June 2, 2010, subject to reconsideration following mediation. (Doc. 16.)

In March 2011, Plaintiff FDIC and Defendants settled and stipulated to the dismissal with prejudice as to all claims between them, to be coupled with the issuance of receiver certificates for the sum of $50,000 to be made payable to Beatley. (Docs. 32, 33, 34.) The Court's Order on March 18, 2011 directing the Clerk to terminate the FDIC from the docket in this case stated that the only parties remaining in the action included Intervenor-Plaintiff Chase and Defendants Beatley and Northwood. (Doc. 35.) Thereafter, on April 1, 2011, the Court formally granted Chase's Motion to Intervene. (Doc. 37.) On February 14, 2012, at the request of the Court, Chase filed a complaint (Doc. 46) as Intervenor-Plaintiff, asserting a foreclosure claim against the Defendants.

---

[1] Chase alleges that Beatley originally entered into a loan in 1990, evidenced and secured by the note and mortgage at issue in this case, with Home Savings Bank of America, FA ("Home Savings"), which was sold to Federal National Mortgage Association ("Fannie Mae") in 1994. (Doc. 46 at 2.) Home Savings was later acquired by WAMU in October 1998. WAMU then began to service the loan at issue. (*Id.*) According to Chase, after WAMU was declared insolvent and the FDIC was appointed as its receiver, Chase acquired certain assets and assumed certain liabilities of WAMU from the FDIC acting as receiver. (*Id.* at 2–3.) As a result, Chase became the servicer of the loan on behalf of its owner, Fannie Mae. (*Id.* at 3.) Chase contends that it is the current holder of the note and mortgage at issue in this case, as servicer for Fannie Mae. (*Id.*)

3

Defendants then filed this motion (Doc. 48), asserting that dismissal of the claims between Defendants and the FDIC mandates dismissal of the entire action due to mootness or lack of subject matter jurisdiction. Chase contends that the case is still live, and that this Court retains jurisdiction.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that the defendant may file a motion to dismiss based on a court's lack of subject matter jurisdiction. The plaintiff has the burden of proving jurisdiction when the defendant challenges subject matter jurisdiction under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). A court will grant a Rule 12(b)(1) motion to dismiss if, taking all the plaintiff's allegations as true, the court is without subject matter jurisdiction to hear the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III. DISCUSSION

Defendants contend that this Court lacks subject matter jurisdiction over the action because there is not complete diversity between the parties. At the May 15, 2012 hearing, Chase conceded that it does not dispute the lack of diversity between the parties.[2] Rather, Chase contends that this Court retains original jurisdiction based on proper removal by the FDIC in 2010.

As there is no issue of whether diversity jurisdiction exists in this case, the issue before the Court is whether there is another basis for federal subject matter jurisdiction. Chase maintains that jurisdiction is to be determined at the time of removal, and "that because removal

---

[2] The Court notes that this is contrary to what Chase alleges in its complaint, in which it states that it is a "wholly-owned bank subsidiary of JPMorgan Chase & Co., a Delaware corporation whose principal place of business is located in New York City, New York," and that this "Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states." (Doc. 46 ¶¶ 1, 3.)

4

was proper under 12 U.S.C. § 1819 while the FDIC was a party, subsequent events cannot oust the Court of jurisdiction." (Doc. 49 at 9.) Put simply, Chase contends that this Court retains its original jurisdiction over Chase's state law foreclosure claim against the Defendants.

Chase is correct that the determination of federal jurisdiction is made at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000) (applying principle to diversity jurisdiction cases). Here, it is undisputed that this case was removable to this Court under 12 U.S.C. § 1819(b)(2)(B) after the FDIC was substituted as the real party in interest after being appointed as receiver for WAMU. (*See* Doc. 1.) Measured as of the time of removal, the Court had jurisdiction under 28 U.S.C. § 1331 because the case involved federal claims arising under 28 U.S.C. § 1441(b) and 12 U.S.C. § 1821 *et seq.* (*Id.*) Additionally, under 28 U.S.C. 1367, the Court had supplemental jurisdiction over any state law claims because they arose from the same case or controversy.

However, in March 2011, the FDIC and the Defendants settled and stipulated to the dismissal with prejudice as to all claims between them. Thus, the only remaining claim in this action is Chase's state law foreclosure claim. Under 28 U.S.C. § 1367(c), "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

As noted, the only jurisdictional basis for this Court to exercise jurisdiction was the fact that, at one time, the FDIC was a party to this case. The FDIC is no longer involved in this dispute. While this Court continues to be vested with subject matter jurisdiction, it is also authorized to decline the exercise of such jurisdiction. All of the claims and counterclaims arise under state law. The underlying dispute involved a mortgage, note, and subsequent assignments, all governed by state law. While this dispute is of long duration, remand to state court will not

lengthen the controversy. Pursuant to its discretionary authority under 28 U.S.C. § 1367 (c), the Court declines to exercise supplemental jurisdiction over the remaining claim in this action.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Case for Mootness or Lack of Jurisdiction (Doc. 48) is **GRANTED**. This case is hereby **REMANDED** to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED.**

5-24-2012
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE